## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

---

PATRICE N. MOORE,

                Plaintiff,                  Case No.: 1:14-cv-02881-WBH

      vs.

CREDIT PROTECTION ASSOCIATION
LP d/b/a EQUIPMENT RECOVERY
SERVICES

AUDIT SYSTEMS INC,

                Defendants.

---

### ANSWER OF DEFENDANT AUDIT SYSTEMS INC

Audit Systems, Inc. ("ASI"), a defendant in this action, as and for its Answer to the Complaint of the plaintiff, Patrice N. Moore ("Plaintiff"), denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. In response to paragraph 1 of Plaintiff's Complaint, ASI admits that Plaintiff purports to bring this action for various forms of relief from the named defendants for allegedly contacting Plaintiff on her cell phone without consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* ASI denies that it violated the TCPA or any other law, and denies that

Plaintiff is entitled to any relief from ASI in this matter. ASI lacks knowledge and information sufficient to either admit or deny the allegations against any other defendant and, therefore, denies the same.

2.     In response to paragraph 2 of Plaintiff's Complaint, ASI denies all allegations against it. ASI lacks knowledge and information sufficient to either admit or deny the allegations against any other defendant and, therefore, denies the same.

3.     In response to paragraph 3 of Plaintiff's Complaint, ASI admits that the statutes referenced therein confer jurisdiction on this Court, but denies that it violated any law in this matter.

4.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint and, therefore, denies the same.

5.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 5 of Plaintiff's Complaint and, therefore, denies the same.

6.     In response to paragraph 6 of Plaintiff's Complaint, ASI admits that it is a Florida corporation with a business location at the address specified therein.

7.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 7 of Plaintiff's Complaint and,

therefore, denies the same.

8.      ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9.      In response to paragraph 9 of Plaintiff's Complaint, ASI states that the TCPA speaks for itself, and denies the allegations to the extent, if any, that they misquote, mischaracterize, or misconstrue the statute or case law interpreting the same.

10.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11.     In response to paragraph 11 of Plaintiff's Complaint, ASI states that the TCPA speaks for itself, and denies the allegations to the extent, if any, that they misquote, mischaracterize, or misconstrue the statute or case law interpreting the same.

12.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 13 of Plaintiff's Complaint and,

- 3 -

therefore, denies the same.

14.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

15.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 15 of Plaintiff's Complaint and, therefore, denies the same.

16.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 17 of Plaintiff's Complaint and, therefore, denies the same.

18.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 18 of Plaintiff's Complaint and, therefore, denies the same.

19.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 19 of Plaintiff's Complaint and, therefore, denies the same.

20.     ASI lacks knowledge and information sufficient to either admit or

deny the allegations set forth in paragraph 20 of Plaintiff's Complaint and, therefore, denies the same.

21.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.

22.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 22 of Plaintiff's Complaint and, therefore, denies the same.

23.     In response to paragraph 23 of Plaintiff's Complaint, ASI admits that it placed manually-dialed telephone calls to Plaintiff in an effort to reach her regarding a monetary obligation that she owed to a third party.  ASI lacks knowledge and information sufficient to either admit or deny the remaining allegations and, therefore, denies the same.

24.     In response to paragraph 24 of Plaintiff's Complaint, ASI admits that it placed a total of five manually-dialed telephone calls to Plaintiff in August 2014. ASI lacks knowledge and information sufficient to either admit or deny the remaining allegations and, therefore, denies the same.

25.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 25 of Plaintiff's Complaint and, therefore, denies the same.

26.     ASI denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 27 of Plaintiff's Complaint and, therefore, denies the same.

28.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 28 of Plaintiff's Complaint and, therefore, denies the same.

29.     ASI lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 29 of Plaintiff's Complaint and, therefore, denies the same.

30.     In response to paragraph 30 of Plaintiff's Complaint, ASI states that the TCPA and FCC Declaratory Ruling referenced therein speak for themselves, and denies the allegations to the extent, if any, that they misquote, mischaracterize, or misconstrue the TCPA or FCC Declaratory Ruling, or case law interpreting the same.

31.     In response to paragraph 31 of Plaintiff's Complaint, and all of its subparts, ASI denies that it called Plaintiff using an automatic telephone dialing system or an artificial or prerecorded voice, denies that it violated any law in this matter, and denies that it is liable for any damages as a result.  ASI lacks

knowledge and information sufficient to either admit or deny the remaining allegations and, therefore, denies the same.

32.    In response to paragraph 32 of Plaintiff's Complaint, ASI restates and realleges paragraphs 1 through 31 of this Answer as though set forth fully herein.

33.    In response to paragraph 33 of Plaintiff's Complaint, ASI denies all allegations against it.  ASI lacks knowledge and information sufficient to either admit or deny the allegations against any other defendant and, therefore, denies the same.

34.    In response to paragraph 34 of Plaintiff's Complaint, ASI denies all allegations against it.  ASI lacks knowledge and information sufficient to either admit or deny the allegations against any other defendant and, therefore, denies the same.

35.    In response to paragraph 35 of Plaintiff's Complaint, ASI denies all allegations against it.  ASI lacks knowledge and information sufficient to either admit or deny the allegations against any other defendant and, therefore, denies the same.

36.    In response to paragraph 36 of Plaintiff's Complaint, ASI denies all allegations against it.  ASI lacks knowledge and information sufficient to either admit or deny the allegations against any other defendant and, therefore, denies the same.

37.     In response to paragraph 37 of Plaintiff's Complaint, ASI denies that Plaintiff is entitled to an award of her fees and costs from ASI.  ASI lacks knowledge and information sufficient to either admit or deny the remaining allegations and, therefore, denies the same.

38.     In response to paragraph 38 of Plaintiff's Complaint, ASI restates and realleges paragraphs 1 through 37 of this Answer as though set forth fully herein.

39.     In response to paragraph 39 of Plaintiff's Complaint, ASI denies all allegations against it.  ASI lacks knowledge and information sufficient to either admit or deny the allegations against any other defendant and, therefore, denies the same.

40.     In response to paragraph 40 of Plaintiff's Complaint, ASI denies all allegations against it.  ASI lacks knowledge and information sufficient to either admit or deny the allegations against any other defendant and, therefore, denies the same.

41.     In response to paragraph 41 of Plaintiff's Complaint, ASI denies all allegations against it.  ASI lacks knowledge and information sufficient to either admit or deny the allegations against any other defendant and, therefore, denies the same.

42.     In response to paragraph 42 of Plaintiff's Complaint, ASI denies all allegations against it.  ASI lacks knowledge and information sufficient to either

admit or deny the allegations against any other defendant and, therefore, denies the same.

43.     In response to paragraph 43 of Plaintiff's Complaint, ASI denies that Plaintiff is entitled to an award of her fees and costs from ASI.  ASI lacks knowledge and information sufficient to either admit or deny the remaining allegations and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands.

### THIRD DEFENSE

Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### FOURTH DEFENSE

ASI's actions have not been willful or knowing, to the extent that they violate any law, which ASI denies.

### FIFTH DEFENSE

On information and belief, Plaintiff may have provided consent to be

contacted on her cellular telephone, if any such contact was made.

## SIXTH DEFENSE

ASI did not call Plaintiff using an automatic telephone dialing system or an artificial or prerecorded voice, and Plaintiff's claims against ASI fail as a result.

## SEVENTH DEFENSE

This action should be stayed pending rulings by the Federal Communications Commission on several petitions for clarification regarding various aspects of the TCPA, including, among others, the issue of what constitutes an automatic telephone dialing system under the statute.

## EIGHTH DEFENSE

ASI may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that ASI does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the claims for damages and certain costs that Plaintiff alleges ASI may be fully or partially responsible for.  ASI, therefore, reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged claims for damages and costs, and upon the development of other pertinent information.

## **PRAYER FOR RELIEF**

WHEREFORE, ASI prays for an order and judgment of this Court in its

favor and against Plaintiff as follows:

1.      Dismissing all causes of action against it with prejudice and on the

merits; and

2.      Awarding it such other and further relief as the Court deems just and
equitable.

Respectfully submitted this 18th day of December 2014.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

---

PATRICE N. MOORE,

               Plaintiff,               Case No.: 1:14-cv-02881-WBH

    vs.

CREDIT PROTECTION ASSOCIATION
LP d/b/a EQUIPMENT RECOVERY
SERVICES

AUDIT SYSTEMS INC,

               Defendants.

---

## **CERTIFICATE OF SERVICE**

       This is to certify that I have this date served a copy of the within and foregoing Answer of Defendant Audit Systems, Inc., by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

    Patrice N. Moore
    708 Brambling Way
    Stockbridge, Georgia 30281

Respectfully submitted this 18th day of December 2014.

               **BEDARD LAW GROUP, P.C.**

               /s/ Jonathan K. Aust
               Jonathan K. Aust
               Georgia Bar No. 448584
               John H. Bedard, Jr.